UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

JULIO CESAR SILVA RODRIGUEZ,     No. 5:26-cv-03631-JDE

Petitioner,     ORDER REGARDING PETITION

v.

MARKWAYNE MULLIN, et al.,

Respondents.

## I.

## PROCEEDINGS

On July 1, 2026, Julio Cesar Silva Rodriguez ("Petitioner"), through counsel, filed a Petition for Writ of Habeas Corpus alleging he was unlawfully arrested by immigration authorities and has been detained without a custody redetermination hearing. Dkt. 1 ("Petition" or "Pet."). Petitioner, a native and citizen of Mexico, entered the United States in 2004. He was detained by immigration authorities on June 29, 2026 on his way to work and issued a Notice to Appear, charging him with inadmissibility pursuant to Immigration and Nationality Act ("INA") Section 212(a)(6)(A)(i). Id. at 7. He argues that his detention is governed by 8 U.S.C. § 1226(a), not § 1225(b)(2)(A), his mandatory detention under Section 1225(b)(2)(A) violates the Due Process

Clause and the INA, and the Department of Homeland Security's policy expanding Section 1225(b)(2)(A) detention to long-term residents already present in the United States violates the Administrative Procedure Act. Id. at 4, 8-10. As for relief, Petitioner seeks his immediate release, or alternatively, an individualized bond hearing before a neutral immigration judge ("IJ") at which the government bears the burden of proof by clear and convincing evidence and the IJ must consider less restrictive alternatives to detention; and a declaration that his detention is unlawful. Id. at 11.

On July 8, 2026, Respondents filed an Answer opposing immediate release, acknowledging Petitioner appears to be a member of the Bond Eligible Class certified in Bautista v. Santacruz, Case No. 5:25-cv-01873-SSS-BFM (C.D. Cal.) ("Bautista"), and arguing that "[t]o the extent Petitioner would be entitled to any remedy via the Petition, at most it would be ordering a bond hearing to be held before an [IJ] under Section 1226(a)." Dkt. 8. Petitioner did not file a timely Reply, despite an opportunity to do so (Dkt. 4 at 2 ¶ 4).

For the reasons discussed below, the Petition is granted, in part.

## II.

## DISCUSSION

A petitioner seeking habeas relief must demonstrate that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). The protections of habeas corpus extend to those in immigration detention. See Lopez-Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020); Nadarajah v. Gonzales, 443 F.3d 1069, 1075-76 (9th Cir. 2006). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." Lopez-Marroquin, 955 F.3d at 759.

As noted, Petitioner seeks release or alternatively a bond hearing under 8 U.S.C. § 1226(a), and Respondents offer no opposition to the alternative

2

request for a bond hearing. Respondents acknowledge Petitioner appears to be a member of the Bond Eligible Class in Bautista and subject to the Bautista judgment. In Bautista, the Honorable Sunshine Suzanne Sykes, United States District Judge, granted class-wide declaratory relief to "Bond Eligible Class" members, finding such members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under Section 1225(b)(2). Further, Judge Sykes held that Bond Eligible Class members are "entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge." Bautista, Dkt. 94. An appeal is pending, and the Ninth Circuit has granted a stay, but the December 2025 judgment remains in place in this district. See Bautista, et al. v. United States Department of Homeland Security, et al., Case No. 26-1044 (9th Cir.), Dkt. 17.1.

As Respondents acknowledge Petitioner is a Bond Eligible Class member, for the reasons stated in Bautista, the alternative relief sought by the Petition is granted. Petitioner is entitled to the procedural protections that 8 U.S.C. § 1226(a) provides, including a bond hearing. The remainder of the Petition is denied without prejudice as moot and/or unsupported.

## III.

## ORDER

IT IS THEREFORE ORDERED that Judgment shall be entered:

(1)    granting the Petition, in part, ordering Respondents to (a) hold an individualized bond hearing before an immigration judge under 8 U.S.C. § 1226(a) for **Petitioner Julio Cesar Silva Rodriguez (A# 221 462 772)** within seven (7) days of this Order, with instructions that the immigration judge has jurisdiction under 8 U.S.C. § 1226(a) to consider bond and must provide a written, reasoned decision if bond is denied, including all factual findings in

3

support of such decision; or (b) release Petitioner from custody if he is not timely provided with the aforementioned bond hearing; and

(2)   denying other relief sought by the Petition without prejudice as moot and/or unsupported.

Dated: July 14, 2026 _____

_____
JOHN D. EARLY
United States Magistrate Judge

4